UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| JAMES KEVIN YOST, | § | |
| TDCJ # 01333468 | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 3:17-CV-0070 |
| | § | |
| LORIE DAVIS, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

In this habeas action, Petitioner's response to Respondent's answer is due on July 30, 2018. Petitioner has filed a motion for an additional extension of time (Dkt. 34). He also has filed a motion seeking copies of state court records (Dkt. 30), a motion to proceed *in forma pauperis* in connection with the copies he seeks (Dkt. 31), and a motion for discovery, an evidentiary hearing, and appointment of counsel (Dkt. 33)

Petitioner's request for copies invokes 28 U.S.C. § 2250. Petitioner requests "complete copies of the state court records," stating that he "has never had access to the complete trial record pertaining to this 2005 murder conviction and life sentence" and "has never had access to the record from the State habeas court" (Dkt. 30, at 1). These records total over 4,000 pages (Dkt. 23, 24). Yost does not provide any information supporting his statement that he "never" has had access to his court records, and does not explain why records could not be accessed from attorneys who previously represented him or other sources. Moreover, he does not assert a specific need for any particular portion of the record, but rather states that his *Brady* claims and ineffective assistance of

counsel claims "are both to be reviewed in [the] context of the entire record" and therefore "Yost must also review the entire record to propound counterargument" (Dkt. 30, at 2).

Respondent stated in her answer (Dkt. 22, at 4) that she was not providing Yost with a copy of the state court records electronically filed with the Court, citing *Sixta v. Thaler*, 615 F.3d 569 (5th Cir. 2010). In *Sixta*, the Fifth Circuit held that "[w]hen the respondent does, in fact, attach exhibits to the answer, there can be little dispute that those exhibits must be served together with the answer itself on the habeas petitioner." *Sixta*, 615 F.3d at 572. Because the respondent in *Sixta* had not attached exhibits to the answer, but instead had filed the entire state court record with the district court, the Fifth Circuit affirmed the lower court's holding that the respondent had satisfied his procedural obligations to petitioner. *Id*. at 572-73. The Fifth Circuit did not reach the issue of "the nature of the respondent's duty and discretion" under Habeas Rule 5(c) to attach the portions of the record that respondent deems relevant. *Id*. at 573. In 2014, the Eleventh Circuit held that the state was procedurally required to serve a habeas petitioner with exhibits it referenced in an appendix filed with the court, even though the state filed the appendix separately from its answer, where the exhibits were referenced in the state's answer, because the answer depended upon the referenced exhibits to lend meaning to its argument. *Rodriguez v. Florida Dep't of Corr.*, 748 F.3d 1073, 1077-1079 (11th Cir. 2014), *cert. denied*, 135 S. Ct. 1170 (2015).

In this case, Respondent's answer did not attach exhibits. Rather, as in *Sixta*, Respondent separately filed the complete state court record. *Sixta* therefore does not

require the respondent to furnish the petitioner with copies of the complete record. Moreover, Section 2250 does not apply to Petitioner because he is not proceeding *in forma pauperis* in this habeas proceeding and, moreover, federal courts have repeatedly held that habeas corpus petitioners do not have an unqualified right to copies under Section 2250 without first demonstrating a need for them. *See Walton v. Davis*, 2018 WL 3361609, at *1 (5th Cir. July 9, 2018); *Ruark v. Gunter*, 958 F.2d 318 (10th Cir. 1992). The petitioner does not articulate facts showing that he is entitled to a copy of his entire state court record free of charge. Accordingly, his request will be denied.

However, in order to assist Petitioner in understanding the record citations in the answer, the Court will instruct the Clerk to supply him with an updated docket sheet. The Court also will instruct the Clerk to provide Petitioner with copies of the specific portions of the state court record cited in Respondent's arguments on the merits of Petitioner's claims. *See* Answer (Dkt. 22, at 14-20). In particular, the Clerk will provide Petitioner with copies of the state habeas court's findings of fact and conclusions of law, SHCR at 611-616 (Dkt. 24-18 at 96-98 & Dkt. 24-19 at 1-3); correspondence from 2014-15 regarding *Brady* material, SHCR at 79-81 (Dkt. 24-15, at 79-81); and correspondence from 2014-15 regarding Dr. Stephen Pustilnik, SHCR at 227-29 (Dkt. 24-16, at 11-13).

In light of these instructions to the Clerk, Petitioner's motion to proceed *in forma pauperis* (Dkt. 31) in connection with his request for copies will be denied as moot.[1]

---

[1] Petitioner already has paid the filing fee for this action but, in connection with his request for copies, filed a motion to proceed *in forma pauperis* (Dkt. 31), and a certified trust fund statement from his inmate account (Dkt. 32).

Petitioner also seeks discovery, an evidentiary hearing, and appointed counsel to assist with both (Dkt. 33). Discovery is limited in habeas corpus proceedings. The Supreme Court has clarified that "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011). Moreover, "Rule 6 of the Rules Governing § 2254 cases permits discovery only if and only to the extent that the district court finds good cause." *Murphy v. Johnson*, 205 F.3d 809, 814 (5th Cir. 2000). "Good cause" may be found when a petition for a writ of habeas corpus establishes a *prima facie* claim for relief. *Id*. Before authorizing discovery, the Court must first conclude that the specific allegations in the petition "show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is confined illegally and is therefore entitled to relief." *Id.* (internal citation, quotation marks, and alteration omitted). In that regard, petitioner's factual allegations "must be specific, as opposed to merely speculative or conclusory, to justify discovery." *Id.* "Simply put, Rule 6 does not authorize fishing expeditions." *Id.*

In this case, Yost's motion fails adequately to explain the relevance of the documents he requests to any of the claims in his pending petition. Moreover, his requests are sweeping and overbroad,[2] and he appears to request many documents that are contained in the state habeas record. His requests fall far short of the "good cause"

---

[2] To take one example, Yost requests that prosecutors produce "all policies, agreements, procedures, and investigation methods or techniques regarding the background, education, work history, and qualifications of technical and scientific experts used as witnesses or consultants by your District Attorney's Office" (Dkt. 33, at 11).

showing necessary to permit discovery under Rule 6. The motion therefore will be denied. Petitioner's request for counsel to assist with discovery and an evidentiary hearing also is denied.

Finally, the Court will grant Petitioner's motion for extension of time.

Therefore the Court **ORDERS** as follows:

1. Petitioner's motion seeking copies of state court records (Dkt. 30) is **DENIED**. However, to assist Petitioner in preparing his reply, the Clerk is **INSTRUCTED** to provide Petitioner with a copy of the current docket sheet, in addition to the pages of the state court record specified above.

2. Petitioner's motion to proceed *in forma pauperis* (Dkt. 31) is **DENIED as moot**.

3. Petitioner's motion for discovery, an evidentiary hearing, and appointment of counsel (Dkt. 33) is **DENIED**.

4. Petitioner's motion for an additional extension of time (Dkt. 34) is **GRANTED**. Petitioner's reply must be filed by **October 30, 2018**.

The Clerk of this Court shall send a copy of this order to the parties.

SIGNED at Galveston, Texas, this 27th day of July, 2018.

_____
George C. Hanks Jr.
United States District Judge